UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TOWN OF SCOTLAND ) | |
| ) | |
| Plaintiff ) | CIVIL ACTION |
| ) | NO. 3:12-cv-00542 (MJK) |
| v. ) | |
| ) | |
| THE HANOVER INSURANCE CO. ) | |
| ) | |
| Defendant/Third Party Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| W.J. MOUNTFORD CO. and ) | |
| SCOTT MOUNTFORD ) | |
| ) | |
| Third Party Defendants ) | APRIL 12, 2012 |

## THIRD PARTY COMPLAINT

### First Count

1.   On or about March 8, 2005, Third Party Defendants W.J. Mountford Co. ("Contractor") and Scott Mountford (referred to collectively as "Indemnitors") executed an Agreement of Indemnity ("Indemnity Agreement"") in favor of, *inter alios*, Third Party Plaintiff The Hanover Insurance Co. ("Surety").

2.   Paragraph 2 of the Indemnity Agreement states:

The Indemnitors shall exonerate, indemnify, and save harmless the Surety from and against every claim, demand, liability, cost, charge, suit, judgment, and expense which the Surety may pay or incur, including, but not limited to, loss, interest, court costs, and consultant and attorney fees:
(a) by having executed or procured the execution of the bonds; or
(b) in making an independent investigation of any claim, demand, or suit; or

WOLF, HOROWITZ & ETLINGER, L.L.C. *Counselors At Law*
99 Pratt Street, Suite 401, Hartford, Connecticut 06103*(860) 724-6667*Fax (860) 293-1979*Juris No. 402488

(c) in defending any suit, action, mediation, arbitration or any other proceeding to obtain release from liability whether the Surety, in its sole discretion, elects to employ its own attorney or permits or requires Indemnitors to defend the Surety; or

(d) in enforcing any of the covenants, terms and conditions of this Agreement.

3. Paragraph 3 of the Indemnity Agreement states, in part:

The Surety shall have the exclusive right to adjust, settle or compromise any claim, demand, suit or any other proceeding arising out of any bond against the Surety and/or the Indemnitors, take whatever action it deems appropriate in response thereto, and its determination of whether to defend or settle the same shall be binding and conclusive on the Indemnitors. In the event of any payment or disbursement by the Surety, the Indemnitors agree to immediately reimburse the Surety for any and all payments and disbursements made (including, but not limited to, interest, from the date of the Surety's payments at the maximum rate allowable) under the Surety's belief that liability for the payments existed or that payment was necessary or expedient, whether or not, such liability, necessity, or expediency existed. Vouchers or other evidence of payment by the Surety shall be conclusive evidence of the fact and amount of such liability, necessity, or expediency and of the Indemnitors' liability to the Surety therefor.

4. In reliance on the commitments made by the Indemnitors through executing the Indemnity Agreement, Surety issued to Contractor surety bonds # BCE-1812768 ("Bonds") in connection with a contract between Contractor and Plaintiff for "Additions and Alterations to Scotland Elementary School, Scotland, CT" ("Bonded Contract" or "Bonded Project").

5. Plaintiff alleges in its Complaint in this proceeding that Contractor breached its obligations under the Bonded Contract. Plaintiff has sued the Surety to recover damages allegedly incurred as a result of Contractor's purported breach.

6. If Surety is liable to Plaintiff, Indemnitors are liable to Surety under the Indemnity Agreement for the amount of any judgment entered against Surety or settlement entered into by Surety, plus interest.

7. Indemnitors are liable to Surety for all costs and expenses incurred as a result of the Surety having issued the Bonds, including but not limited to interest, investigation costs, consulting fees, court costs and attorney's fees.

**Second Count**

1-5. Paragraphs One through Five from Count One are incorporated herein as Paragraphs One through Five of Count Two.

6. If Plaintiff secures a judgment or settlement against Surety in this action, Contractor is obligated under the common law to reimburse Surety in the amount of such judgment or settlement.

7. Contractor is obligated under the common law to reimburse Surety for all losses incurred under the Bonds as a result of Plaintiff's claim and this lawsuit, including but not limited to claims payments, attorney's fees, costs, and interest.

WHEREFORE, Third Party Plaintiff prays that this Court:

a. Award monetary damages against Indemnitors in an amount equal to any judgment entered in favor of Plaintiff against Surety;

b. Award the Surety its investigation costs, court costs, and consulting fees incurred as a result of its issuance of the Bonds;

c. Award Surety its attorney's fees per the terms of the Indemnity Agreement;

d. Award interest; and

e. Enter such other relief as justice requires

DEFENDANT/THIRD PARTY PLAINTIFF,
THE HANOVER INSURANCE CO.

/s/ Susan Evans Jones – ct26607
Matthew M. Horowitz – ct01747
Email: mhorowitz@wolfhorowitz.com
Susan Evans Jones – ct26607
Email: sevans@wolfhorowitz.com
Wolf, Horowitz & Etlinger, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103
(860) 724-6667
Juris No. 402488

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2012, a copy of the foregoing *Third Party Complaint* was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

A copy of this filing was sent by mail to:

**Counsel for Plaintiff Town of Scotland**
Ronald Ochsner
Branse, Willis & Knapp, LLC
148 Eastern Boulevard
Glastonbury, CT 06033

/s/ Susan Evans Jones – ct26607
Matthew M. Horowitz – ct01747
Email: mhorowitz@wolfhorowitz.com
Susan Evans Jones – ct26607
Email: sevans@wolfhorowitz.com
Wolf, Horowitz & Etlinger, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103
(860) 724-6667

63595